Dear Senator Dennis:
This letter is in response to your question asking whether Lloyd G. Briggs who was removed from office as Circuit Judge of the 33rd Judicial Circuit of Missouri by the Missouri Supreme Court, may run for the primary election and, if successful in the primary, the general election for the office from which he was ousted.
It is our understanding from the opinion of the Missouri Supreme Court in the case of In the matter of the Honorable LloydG. Briggs, No. 61742, dated March 20, 1980, that Mr. Briggs served as Scott County Magistrate from January, 1971, until his appointment to the circuit bench by Governor Teasdale on March 6, 1979, to fill a vacancy occasioned by the retirement of the incumbent circuit judge. It is also our understanding that the incumbent who retired was serving a term which is to expire December 31, 1982.
The only question we are concerned with here is whether Mr Briggs may be a candidate to fill the unexpired portion of the retired judge's term after having been ousted from that portion of the term to which he was appointed by the Governor.
The Order of the Missouri Supreme Court which was issued on March 28, 1980, merely stated that "he is hereby removed from office of Circuit Judge of the 33rd Judicial Circuit of Missouri." The allegations of misconduct which brought about Mr. Briggs' ouster took place while he served in the office of Scott County Magistrate. In supporting such grounds as a basis for ouster the Supreme Court concluded that despite some diversity of authority regarding the issue the prior conduct of a judge in a subordinate judicial office may provide the basis for ouster. In this instance the Court was considering the conduct of the judge in a subordinate judicial office and not the conduct of the judge in a prior term in the same office.
The conflicting rules of law were set forth by the Kentucky Court of Appeals in Graham v. Jewell, 263 S.W. 693 (Ky.App. 1924), in which the court noted that the first rule is that where by statute a removal carries with it a disqualification to hold office in the future, the removal may be had for acts committed during a prior term of office. The court further noted that in the absence of such statute some courts have held that each term of office is separate and distinct and an incumbent may not be removed for misconduct in another office or an offense committed prior to his present term. The reason for this is that each term of office is a separate entity; that a removal in the absence of a statute of disqualification does not extend beyond the term; that the people in the selection of an officer, may condone a past delinquency and reelect him, and that in the succeeding term he is only liable for delinquencies occurring therein. Another line of cases concludes that the object of the removal of a public officer for official misconduct is not to punish the officer but to improve the public service and to free the public of an unfit officer. Such cases proceed upon the theory that the officer's acts during the previous term quite effectually stamp him as unworthy and that reelection does not condone the offense.
It appears that the Order of the Supreme Court of Missouri in ousting Mr. Briggs from office for acts committed during a prior term in a subordinate judicial office is based on the conclusion of the Court that Mr. Briggs' conduct rendered him unqualified to serve in the role of judge.
In view of the constitutional authority of the Missouri Supreme Court to oust judicial officers for violations of the Judicial Canons, adherence to which is a qualification for judicial office, it is clear the Court has the authority to consider such an ouster as a bar to further judicial service. In our view the action of the Court based on violations occurring in a subordinate office raises the presumption that such acts of Mr. Briggs render him as unworthy and unqualified to hold the office of circuit judge. We conclude that Mr. Briggs does not have the right to run for election for the unexpired term of the retired judge, which is essentially the office from which he has been ousted.
This office does not perform a judicial function and does not purport to have the authority to make a judicial determination with respect to the question you ask. For this reason it may well be that the parties in interest will wish to seek a final determination of this question before a court of competent jurisdiction.
Very truly yours,
 JOHN ASHCROFT Attorney General